IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO NATHANIEL SPEED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-684-SMY |
| | ) |
| B. TRUE | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Antonio Nathaniel Speed filed this habeas corpus action pursuant to 28 U.S.C. § 2241, seeking relief under *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) from his conviction for being a felon in possession of a firearm (Doc. 1). The Court appointed the Federal Public Defender's Office to evaluate Speed's claim and to either file an Amended Petition on Speed's behalf or a motion to withdraw as counsel (Doc. 8).

Now pending before the Court is Assistant Federal Public Defender David Brengle's Motion to Withdraw in which he asserts that Speed has no meritorious basis for obtaining relief under *Rehaif* (Doc. 18). Speed filed a Response to the Motion (Doc. 21). For the following reasons, the Motion to Withdraw is **GRANTED** and Speed's § 2241 Petition is **DISMISSED with prejudice**.

## Factual and Procedural Background

In 2014, a jury convicted Petitioner Antonio Nathaniel Speed of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 84 months imprisonment. At trial, the arresting officer provided testimony regarding Speed's arrest and the

recovery of the firearm from the center console of Speed's vehicle (Doc. 102, pp. 19-32). The Government also admitted into evidence certified copies of Speed's prior convictions, which included: (1) a 1997 conviction of Going Armed with Intent in Polk County, Iowa for which he was sentenced to a period of imprisonment not to exceed 5 years; and (2) a 2002 conviction for Possession of Controlled Substance with Intent to Deliver (Count 1), Assault on a Peace Officer (Count 2), and Disarming a Peace Officer (Count 3) for which he received an aggregate sentence of 15 years in prison. *United States v. Speed*, 4:13-cr-00295-RWS (EDMO), Doc. 102, p. 17-18; Doc. 83 at pp. 8-10.

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be utilized to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Therefore, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); s*ee United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any*

opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Following *Davenport*, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause: (1) The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion); (2) The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and (3) A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

Here, Brengle moves to withdraw as counsel, asserting that Speed cannot meet the third *Davenport* factor – he cannot show that he is actually innocent of the charged crime. Speed contends that under *Rehaif*, he could be convicted under § 922(g)(1) only if the Government proved that he (1) possessed a gun, and (2) knew that it was illegal for him to possess a gun. However, Speed is misreading *Rehaif*. The Government did not need to prove that Speed specifically knew that he was legally prohibited from possessing a firearm. Rather, *Rehaif* required the Government to prove that Speed knew that he was a felon at the time he possessed a firearm.

In this case, the jury heard sufficient evidence to support a finding, if they had been instructed pursuant to *Rehaif*, that Speed knew he had a previous felony conviction at the time he possessed the firearm. The Government adduced evidence that Speed had prior felony convictions; convictions for which Speed spent significant time incarcerated. *See United States v.*

*Maez*, 960 F.3d 949, 968 (7th Cir. 2020) (finding the fact that the defendant's PSR showed he had multiple prior felony convictions and had served more than one year in prison underscored that he knew he was a felon when he possessed the firearms and provided sufficient evidence to the jury to permit an inference beyond a reasonable doubt that the defendant knew he had committed a felony). Given his criminal history, Speed has provided no basis to conclude that a reasonable juror could have inferred that he was somehow unaware of his prior convictions when he possessed the firearm. Thus, there was no miscarriage of justice in this case, and Speed is not entitled to habeas relief under § 2241 based on the *Rehaif* decision.

Accordingly, Assistant Federal Public Defender David Brengle's Motion to Withdraw (Doc. 18) is **GRANTED**; Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2241 (Doc 1) is **DENIED**; and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 16, 2021**

**STACI M. YANDLE**
**United States District Judge**